No. 2368.—MASTER AND WARDENS OF NEW ORLEANS *v.* ROBERT W.
FOSTER et als.

The act creating the master and wardens of the city of New Orleans, does not prohibit any
merchant or body of merchants from employing any other person to examine and survey
damaged goods in cases where they were interested. An injunction will not, there-
fore, lie against any person thus employed, nor can the master and wardens recover
damages from the merchants who have employed such person, nor from the person
employed.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J.
M. A. Dooley,* for plaintiffs and appellees. *Leovy & Monroe,* for
defendants and appellants.

LUDELING, C. J. The plaintiffs allege that they are the Master and
Wardens of the port of New Orleans, and that as such they have "the·
exclusive right to discharge the duties and perform the acts prescribed
by law for them officially to perform, and that as such officers they
have the legal and exclusive right to the fees and emoluments pre--
scribed by law for the performance of such official acts and duties,"
and they "complain that Robert W. Foster, Arthur C. Waugh, George
A. Fosdick, John M. Witherspoon, William F. Halsey, William Creevy,
Theodore Nickerson, Charles W. Fox, R. H. Harris and H. Bidwell, in
September, 1868, illegally, wantonly and maliciously conspired and
confederated together to injure and disturb petitioners in the rightful
enjoyment and legal discharge of the duties of their said offices, and
to divest, oust and deprive them of the legal fees and emoluments
which belong and appertain to them as such officers." That "in
furtherance of their said illegal conspiracy," they procured, instigated
and encouraged, and have so continued ever since said date, and still
continue to instigate, assist and encourage the said Robert W. Foster
to usurp and assume the powers, duties and authority legally and
exclusively belonging and appertaining to petitioners by virtue of their
said offices as aforesaid, and that said Foster, so instigated, assisted
and encouraged as aforesaid, usurped and assumed and still continues
to usurp and assume the powers, authority and duties belonging to·
petitioners," etc. And they aver further that said Foster threatens to·
continue, and they fear he will continue, his said illegal acts. They
therefore pray for an injunction against all the defendants to restrain
them "from in any manner usurping, assumin g or exercising any of
the functions or doing any of the acts appertaining to said offices of
petitioners," etc., and for fifty thousand dollars damages.

The evidence shows that the defendants have entered into a contract
whereby the said Foster was employed to examine and survey damaged
goods in cases where they were interested, and that the said Foster
does not pretend to act under any commission or by virtue of any
public office, but simply as the employe of the merchants and under-

Master and Wardens of New Orleans v. Foster et als.

writers who may engage his services, and that he has not molested or interfered in any manner with plaintiffs.

We know of no law which prevents the defendants from entering into such a contract as the above, and we think the plaintiffs have wholly failed to show any right of action.

The grave constitutional questions discussed in the briefs and arguments of counsel need not be passed upon in order to decide this case, and courts of justice will avoid deciding upon the constitutionality of laws unless the decision be indispensably necessary for the determination of the cause.

It is therefore ordered that the judgment of the district court be avoided, and that there be judgment in favor of defendants dissolving the injunction and rejecting plaintiffs' demand, with costs of both courts.

Rehearing refused.